UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
TRUSTEES of the LOCAL 813 PENSION TRUST
FUND,

                              Plaintiffs,

    -against-

A.A. DANZO SANITATION, INC.,

                              Defendant.
---------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
23-CV-08493
(LDH)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this ERISA-withdrawal liability action, on referral from the Honorable LaShann DeArcy Hall for Report and Recommendation, is Plaintiffs Trustees of the Local 813 Pension Trust Fund's ("Plaintiffs" or "Trustees") motion for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") against Defendant A.A. Danzo Sanitation, Inc. ("Defendant" or "Danzo Sanitation"). *See* Plaintiffs' Motion for Default Judgment ("Plaintiffs' Motion" or "Pls. Mot."), DE [10].

By way of Complaint dated November 15, 2024, Plaintiffs commenced this action against Defendant, fictitious corporations XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, alleging that Danzo Sanitation failed to make payments toward its withdrawal liability pursuant to procedures set forth in a collective bargaining agreement ("CBA"). *See* Complaint ("Compl."), DE [1]. The Trustees' summons to Defendant was returned executed on November 16, 2023, and Danzo Sanitation's answer to the Complaint was due December 7, 2023. *See* DE [6].

After Defendant failed to answer the Complaint, Plaintiffs requested a certificate of default, *see* DE [7], which was entered on December 18, 2023. *See* Certificate of Default, DE [8]. On December 28, 2023, Trustees voluntarily dismissed the fictitious defendants, *see* DE [9], and moved for a default judgment. *See* Pls. Mot. Defendant has neither answered nor responded to Plaintiffs' Motion. The Trustees seek a default judgment in the amount of $574,514.45 in withdrawal liability, interest, and liquidated damages, plus additional interest accrued through the date of judgment. *See* Pls. Mot. For the reasons set forth herein, the Court respectfully recommends that Plaintiffs' Motion be granted in its entirety.

## I.　BACKGROUND

### A. Facts

All relevant facts are taken from the Complaint, and are assumed true for purposes of resolving this motion. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004).

The Local 813 Pension Trust Fund (the "Fund") is a jointly-administered, multi-employer, labor-management trust fund established and maintained pursuant to a collective bargaining agreement, in accordance with the Employee Retirement Income Security Act Of 1974 ("ERISA"), 29 U.S.C. § 186(c)(5)-(6). *See* Compl., ¶ 8. The Fund is administered in Long Island City, New York. *Id.*, ¶ 9. Defendant is a for-profit domestic corporation with its principal place of business at 131 Scooter Lane, Hicksville, New York, 11801. *Id.*, ¶ 10. Danzo Sanitation had an obligation to contribute to the Fund on behalf of its employees who performed covered work pursuant to a CBA with Local Union 813, International Brotherhood of Teamsters

(the "Union"). *Id.*, ¶¶ 2, 13. Certain unidentified businesses and sole proprietorships were under common control with Defendant. *Id.*, ¶¶ 11-12. Based on these facts, the Fund is an employee benefit plan within the meaning of 29 U.S.C. §§ 1002(1)-(3) and 1132(d)(1); and a multi-employer plan within the meaning of 29 U.S.C. §§ 1002(37), 1145. *Id.*, ¶ 8. Plaintiffs are the Trustees of the Fund and its fiduciaries. *Id.*, ¶ 9.

As of October 1, 2023, the Union disclaimed interest in further representing Defendant's employees, thereby causing Danzo Sanitation to permanently cease to have an obligation to contribute to the Fund. *Id.*, ¶ 14. On November 7, 2023, the Trustees notified Defendant by letter that Defendant had effectuated a complete withdrawal from the Fund and that its withdrawal liability was $563,393.00. *Id.*, ¶ 15; *see* Compl., Ex. A. Plaintiffs also notified Danzo Sanitation that the Trustees had decided to accelerate payments pursuant to 29 U.S.C. § 1399(c)(5)(B) and Section 10 of the Fund's Withdrawal Liability Procedures, because the Trustees determined that there was a substantial risk Defendant would be unable to pay its withdrawal liability, and that $470,335.20 was immediately due and owing. *Id.* The Trustees demanded payment by November 14, 2023. *Id.* To date, Danzo Sanitation has neither made any payments toward its withdrawal liability, nor requested a review of the assessment, nor commenced arbitration. *Id.*, ¶ 16.

B. **Procedural History**

Based on the above, Plaintiffs commenced this action against Defendant, fictitious corporations XYZ Corporations 1-10, and fictitious individuals John and Jane Does 1-10, alleging that Danzo Sanitation failed to make payments toward its

3

withdrawal liability pursuant to procedures set forth in a CBA. *See* Compl. The Trustees' summons to Defendant was returned executed on November 16, 2023, and Danzo Sanitation's answer to the Complaint was due December 7, 2023. *See* DE [6]. After Defendant did not answer the Complaint, Plaintiffs requested a certificate of default, *see* DE [7], which was entered on December 18, 2023. *See* Certificate of Default, DE [8]. On December 28, 2023, Trustees voluntarily dismissed the fictitious defendants, *see* DE [9], and moved for a default judgment. *See* Pls. Mot. Defendant has neither answered the Complaint nor responded to Plaintiffs' Motion. The Trustees seek a default judgment in the amount of $574,514.45 in withdrawal liability, interest, and liquidated damages, plus additional interest accrued through the date of judgment. *See* Pls. Mot.

## II.   LEGAL STANDARD

Motions for default judgment are governed by Fed. R. Civ. P. 55, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.* at 55(b). Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true. *Vermont Teddy Bear Co.*, 373 F.3d at 246; *see* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of a default judgment

4

is "entrusted to the sound judicial discretion of the court," and a party is not entitled to a default judgment as a matter of right. *Allstate Ins. Co. v. Howell*, No. 09-CV-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a motion for default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-CV-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, 2015 WL 3604078 (E.D.N.Y. Jun. 5, 2015) (internal quotation marks and citation omitted).

Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Once liability has been established, "[t]he court must also determine the amount of damages, actual or statutory, that may be assessed." *Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc.*, 702 F. Supp. 2d 104, 111 (E.D.N.Y. 2010).

### III. DISCUSSION

Plaintiffs seek a default judgment in the amount of $574,514.45 against Danzo Sanitation on the Trustees' claim for withdrawal liability pursuant to 29 U.S.C.

5

§§ 1132(g)(2), 1145, 1399(c)(1)(B), and 1451.  *See* Pls. Mot.; Declaration of Neil V. Shah in Support of Plaintiffs' Motion ("Shah Declaration" or "Shah Decl."), DE [10-1], ¶¶ 22-29.  Plaintiffs calculate this amount by adding $470,335.20 in outstanding withdrawal liability, $10,112.21 in accrued interest, and $94,067.04 in liquidated damages.  *See* Shah Decl., ¶¶ 19, 25, 28, 29.

The record reflects that Danzo Sanitation was served with the Complaint.  *See* DE [6].  Moreover, the time for Defendant to answer the Complaint has expired, *see id.*, and the Clerk of Court has issued a certificate of default against it.  *See* DEs [7]-[8].  As a result, the Court must determine whether the allegations of the Complaint establish Danzo Sanitation's liability as a matter of law.  For the reasons set forth below, the Court concludes that the Trustees have established liability against Defendant as to their withdrawal liability cause of action.  Accordingly, it is respectfully recommended that Plaintiffs' Motion be granted in its entirety, and that the Trustees be awarded the relief described below.

### A. Liability

Initially, Plaintiffs argue that Danzo Sanitation is liable under ERISA, 29 U.S.C. §§ 1132, 1145, and 1451.  *See* Shah Decl., ¶¶ 22-23, 26, 29.  If an employer who is required to contribute to a multiemployer plan, as defined in 29 U.S.C. § 1301(a)(3), withdraws from that plan, the employer becomes subject to withdrawal liability.  *See* 29 U.S.C. § 1381(a).  An employer completely withdraws from a plan by "(1) permanently ceas[ing] to have an obligation to contribute under the plan, or (2) permanently ceas[ing] all covered operations under the plan."  *See* 29 U.S.C. §

6

1383(a).  The Complaint adequately alleges, and Defendant's default establishes, that Danzo Sanitation permanently ceased to have an obligation to contribute under the Fund on October 1, 2023, and thereby incurred withdrawal liability.  See Compl., ¶ 14.

To recover for withdrawal liability from an employer, a plan must notify the employer of the amount of liability, include with the notice a schedule for payment, and demand payment in accordance with the included schedule.  *See ILGWU Nat. Ret. Fund v. Levy Bros. Frocks*, 846 F.2d 879, 881 (2d Cir. 1988); *Amalgamated Lithographers of Am. v. Unz & Co.*, 670 F. Supp. 2d 214, 223 (E.D.N.Y. 2009) (citing 29 U.S.C. § 1399).  An employer may, within 90 days of receipt of that notice, request review of the withdrawal determination.  *See* 29 U.S.C. §§ 1399(b)(2)(A), 1401(a)(1).  Any unresolved dispute concerning the plan's determination of liability must be addressed through arbitration.  *Id.*  If no arbitration hearing is initiated within the statutorily designated timeframe, then the plan's determination of the withdrawal liability becomes final and binding and must be paid in accordance with the schedule provided by the plan.  *See* 29 U.S.C. § 1401(b)(1).

Indeed, no documentation is required to support a finding of withdrawal liability if the defendant fails to initiate arbitration.  *See, e.g., Trustees of Loc. 1034 Pension Tr. Fund v. Michael J. Quinn Funeral Serv., Inc.*, No. 19-CV-4937, 2020 WL 9814099, at *3 (E.D.N.Y. June 11, 2020), *report and recommendation adopted as modified sub nom. Trustees of the Loc. 1034 Pension Tr. Fund v. Michael J. Quinn Funeral Serv. Inc.*, No. 19-CV-04937, 2020 WL 9814103 (E.D.N.Y. Aug. 5, 2020)

7

("ERISA is a 'pay-first-question-later' statute in that the employer must make withdrawal liability payments regardless of whether there is a dispute as to the assessment of liability."); *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. D & A Bus Co., Inc.*, 270 F. Supp. 3d 593, 614 (E.D.N.Y. 2017); *Board. of Trustees of the Private Sanitation Union Local 813 Pension Fund v. Metro Demolition Contracting Corp.*, No. 10-CV-195, 2010 WL 5621275, at *3 (E.D.N.Y. Sept. 17, 2010), *report and recommendation adopted*, 2011 WL 197588 (E.D.N.Y. Jan. 20, 2011).

Applying the above standards, the Court finds that the Trustees have established Defendant's liability. Here, the Complaint adequately alleges, and Defendant's default establishes, that Danzo Sanitation completely withdrew from the Fund on October 1, 2023, when the Union disclaimed interest in further representing Defendant's employees. *See* Compl., ¶ 14; *666 Drug, Inc. v. Tr. of 1199 SEIU Health Care Emps. Pension Fund*, 571 F. App'x 51, 53 (2d Cir. 2014) (date of disclaimer of interest by union was the date on which employer effected a complete withdrawal from the fund, based on that disclaimer). Plaintiffs also adequately allege that Danzo Sanitation was properly notified of its withdrawal liability and payment obligations, and that it did not seek arbitration or review of the assessment. *See* Compl. ¶¶ 15, 16. Based on the record provided, the Court finds that the Trustees have sufficiently established Defendant's withdrawal liability under ERISA, and thus respectfully recommends that Plaintiffs' Motion be granted.

8

### B. <u>Damages</u>

Once liability is established, the court must ascertain damages with "reasonable certainty." *Hosking v. New World Mortg., Inc.*, 570 Fed. App'x 28, 31 (2d Cir. 2014). To prove damages, a plaintiff need only show that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 159 (2d Cir. 1992). An evidentiary hearing is not required if there is a basis, demonstrated through detailed affidavits and other documentary evidence, for the damages awarded. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

Here, Plaintiffs seek to recover damages in the amount of $574,514.45, inclusive of: (i) the unpaid withdrawal liability of $470,335.20; (ii) $10,112.21 in interest from November 14, 2023 through December 28, 2023 at a rate of 1.5% per month plus .05% per day in a partial month, plus interest at the same rate until judgment is entered; and (iii) liquidated damages in the amount of $94,067.04. *See* Shah Decl., ¶¶ 25, 28, 29.

#### a. *Unpaid Withdrawal Liability*

Under ERISA, "[i]f an employer withdraws from a multiemployer plan in a complete withdrawal . . . then the employer is liable to the plan in the amount determined . . . to be the withdrawal liability." 29 U.S.C. § 1381(a). An employer may be found in default of its ERISA obligations where "an event" occurs "defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability." 29 U.S.C. § 1399(c)(5)(B). "In the event

9

of [such] a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5). Where the payment schedule for withdrawal liability set forth in the plan exceeds 20 years, however, the withdrawing employer is liable only for 20 years of payments. 29 U.S.C. § 1399(c)(1)(B); *see Trustees of Loc. 138 Pension Tr. Fund v. F.W. Honerkamp Co. Inc.*, 692 F.3d 127, 135 (2d Cir. 2012).

As demonstrated by the allegations of the Complaint and the motion papers, the Trustees calculated Danzo Sanitation's withdrawal liability, in accordance with the provisions of ERISA, to be $470,335.20, the sum of 20 years of monthly payments of $1,959.73 each. *See* Shah Decl., ¶ 11 and Ex. D; 29 U.S.C. § 1399(c)(1)(B). The Fund's withdrawal liability procedures, as amended, provided that a default occurred if "the Trustees or their designee determine[d], in their/its discretion, that there is a substantial likelihood that the employer will be unable to pay its withdrawal liability, including . . . as a result of . . . the existence of a delinquency in any amount owed to the Fund including, without limitation, the payment of contributions[.]" *See* Shah Decl., Ex. B., at First Amendment to the Withdrawal Liability Procedures for the Pension Plan Private Sanitation Union, Local 813 I.B. of T., § 10. Pursuant to this clause, Plaintiffs determined there was a substantial risk Defendant would be unable to pay its withdrawal liability because of its failure to pay all contributions owed to the Fund and informed Danzo Sanitation of its calculation of withdrawal liability on November 7, 2023. *See* Shah Decl., ¶ 11 and Ex. D. Defendant took no action to

10

challenge the Trustees' assessment. Accordingly, the Court recommends that Plaintiffs be awarded $470,335.20 in damages, representing Danzo Sanitation's unpaid withdrawal liability upon default.

### b. Interest

The Trustees also seek interest on the outstanding withdrawal liability. *See* Shah Decl., ¶¶ 26-28. ERISA provides that following a successful action to recover unpaid withdrawal liability, courts are permitted to award interest on the outstanding withdrawal liability, and that such interest "shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1132(g)(2); *see also Trustees of Drywall Tapers and Pointers Local Union No. 1974 Benefit Funds v. Plus K Constr. Inc.*, No. 20-CV-1643, 2021 WL 1199566, at *6 (S.D.N.Y. Mar. 30, 2021); *Trustees of Local 111 Pension Tr. Fund v Manhattan Ignition Corp.*, No. 19-CV-6888, 2020 WL 9814105, at *1 (E.D.N.Y. Oct. 29, 2020), *report and recommendation adopted as mod sub nom. Trustees of Local 111 Pension Fund v Manhattan Ignition Corp.*, No. 19-CV-6888, 2021 WL 242261 (E.D.N.Y. Jan. 25, 2021). Such interest shall be calculated "from the 'due date of the first payment which was not timely made.'" *Gesualdi v. D. Gangi Contracting Corp.*, No. 18-CV-3773, 2019 WL 1130729, at *6 (E.D.N.Y. Feb. 11, 2019), *report and recommendation adopted*, 2019 WL 1128356 (E.D.N.Y. Mar. 12, 2019) (quoting 29 U.S.C. § 1399(c)(5)).

The Fund's Withdrawal Liability Procedures as amended provide that "[i]nterest on a delinquent payment of withdrawal liability shall be payable at the

11

rate of 1.5% per month, and for each day in a partial month, at a fixed rate of 0.05% per day." *See* Shah Decl., Ex. B., at First Amendment to the Withdrawal Liability Procedures for the Pension Plan Private Sanitation Union, Local 813 I.B. of T., § 10. The Court applies this interest calculation to Danzo Sanitation's outstanding withdrawal liability from November 14, 2023, the date on which payment was due, through to the date of this Report and Recommendation. Accordingly, the Court recommends that the Trustees be awarded prejudgment interest in the amount of $61,613.91, with additional interest to be calculated at the rate set forth above through the date of a judgment entered in this matter.

### c. *Liquidated Damages*

Finally, Plaintiffs seek liquidated damages in the amount of $94,067.04 in liquidated damages, equal to 20% of the accelerated withdrawal liability of $470,335.20. *See* Compl., ¶ 20; Shah Decl., ¶ 29. "Section 502 of ERISA provides for liquidated damages in an amount equal to the greater of the interest due on the unpaid contributions, or up to twenty percent of the unpaid contributions as provided in the collective bargaining and trust agreements." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Engineers, Loc. 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Ne. Indus. Maint., Inc.*, No. 19-CV-4484, 2020 WL 6437400, at *9 (E.D.N.Y. Sept. 28, 2020) (citation omitted); *see* 29 U.S.C. § 1132(g)(2)(C). As explained above, the Trustees are entitled to $61,613.91 in interest on unpaid contributions, which is less than 20 percent of Danzo Sanitation's withdrawal liability. Accordingly, the Court recommends that the

12

Trustees be awarded liquidated damages in the amount of $94,067.04, which equals 20 percent of Defendant's withdrawal liability, pursuant to ERISA, 29 U.S.C. § 1132(g)(2)(C).

## IV. CONCLUSION

For the reasons set forth above, the Court respectfully recommends that Plaintiffs' Motion be granted in its entirety, and that Plaintiffs be awarded damages in the amount of $626,016.15, inclusive of the following: (1) $470,335.20 in unpaid withdrawal liability; (2) interest, through the date of this Report and Recommendation, in the amount of $61,613.91, with additional interest to be calculated at a rate of $7,055.03, or 1.5% of the withdrawal liability per month, and $235.17, or 0.05% of the withdrawal liability, per day in a partial month, through the date of judgment herein; (3) liquidated damages in the amount of $94,067.04.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiffs by electronic filing on the date below. Plaintiffs are directed to serve a copy on Defendant via first-class mail and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-CV-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

13

Dated:     Central Islip, New York
            August 5, 2024

                          <u>/s/ Steven I. Locke</u>
                          STEVEN I. LOCKE
                          United States Magistrate Judge